UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLAUDE DIXON,[1]

            Plaintiff,

        -against-

NYCHA – New York City Housing Authority;
NICER – Retirement System,

           Defendants.

1:25-CV-4781 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Claude Dixon, of the Bronx, New York, brings this *pro se* action purportedly asserting claims under the court's diversity jurisdiction. He sues: (1) the New York City Housing Authority ("NYCHA"), a public benefit corporation; and (2) "NICER – Retirement System," which the Court understands to be the New York City Employees' Retirement System ("NYCERS"), a municipal public employee retirement system. Plaintiff's claims, including any arising from the alleged theft of Plaintiff's pension checks from NYCERS by a person using Plaintiff's stolen personal NYCHA information, appear to arise from events that allegedly occurred in Brooklyn, Kings County, New York. For the following reasons, the Court transfers this action to United States District Court for the Eastern District of New York.

## DISCUSSION

The appropriate venue provision for Plaintiff's claims is found at 28 U.S.C. § 1391(b), which provides that, unless otherwise provided by law, a federal civil action may be brought in:

---

[1] There are multiple individuals, including Claude Dixon, named as plaintiffs in the caption of the complaint commencing this action. Because Claude Dixon is the only one of those individuals to have signed the complaint and submitted a completed and signed *in forma pauperis* application, the Court regards this action as having been brought by only Claude Dixon. The Court will, therefore, refer in this order to Claude Dixon as the sole plaintiff in this action.

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question.[2] § 1391(c)(1), (2).

The Court understands that NYCHA, a public benefit corporation located throughout the City of New York, resides within both this judicial district and within the Eastern District of New York.[3] *See* 28 U.S.C. § 112(b), (c). Plaintiff alleges that NYCERS, a municipal public employee retirement system, has its principal place of business in Brooklyn, Kings County, New York (ECF 1, at 3), within the Eastern District of New York, *see* § 112(c). Thus, it would appear that

---

[2] With respect to a defendant that is a corporation, for venue purposes:

> in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(d).

[3] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b). The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island); (4) Nassau; and (5) Suffolk. *See* § 112(c).

this court and the United States District Court for the Eastern District of New York are both proper venues for this action under Section 1391(b)(1).

Plaintiff also seems to state that a substantial part, if not, all of the alleged events, including the alleged theft of his pension checks, occurred in Brooklyn, Kings County, New York (ECF 1, at 5), within the Eastern District of New York, *see* § 112(c); he does not seem to state that a substantial part of the alleged events took place within this judicial district. Thus, while it is unclear that this court is a proper venue for this action under Section 1391(b)(2), it is clear that the United States District Court for the Eastern District of New York is a proper venue for this action under that provision.

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. Because Plaintiff seems to allege that a substantial part of the events giving rise to his claims occurred

within the Eastern District of New York, it is reasonable to expect that relevant documents and witnesses would also be located within that judicial district. The United States District Court for the Eastern District of New York, which is a proper venue for Plaintiff's claims under Section 1391(b)(1) and (2), therefore, appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a) *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

**CONCLUSION**

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.[4]

---

[4] Plaintiff seems to ask, in his complaint, about his entitlement to Social Security benefits. (ECF 1, at 6.) The Court gives no opinion as to whether this court is a proper venue for or as to the merits of any future civil action in which Plaintiff seeks judicial review, under 42 U.S.C. § 405(g), of a final administrative decision of the Commissioner of Social Security with respect to Plaintiff's application for Social Security benefits.

4

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:     June 16, 2025
          New York, New York

                                                    /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                            Chief United States District Judge

5